UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

PALMER CROUCH
ESTIL MAE CROUCH

DEBTORS                                           CASE NO. 09-52931


ANNA C. JOHNSON, TRUSTEE                          PLAINTIFF

VS.                                               ADV. NO. 10-5006

BAC HOME LOANS SERVICING, L.P.                    DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on cross-motions for Summary Judgment.  A hearing on this matter was conducted on May 13, 2010 and taken under consideration for decision.  The undisputed material facts present the issue of whether a mortgage is valid (and thus unavoidable by the Trustee), when a purported mortgagor is not named or identified as such in the body of the mortgage but there are other references to her in the mortgage and the public record.  This court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b); it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

For the reasons set out below, Plaintiff's Motion for Summary Judgment shall be GRANTED.

1.  Factual and procedural history

The Debtors, Palmer and Estill Mae Crouch, filed their Chapter 7 petition on September 11, 2009.  The Plaintiff ("Plaintiff" or "Trustee") was duly appointed as Trustee and filed her Complaint on

1

January 15, 2010 seeking to avoid Defendant BAC Home Loan Servicing, LP's ("Defendant" or "BAC") mortgage to the extent it purports to encumber Debtor Estill Mae Crouch's ("Debtor Wife") interest in real property located at 114 E. Main Street, Owingsville, Kentucky (the "Property").  There is no dispute that the Mortgage at issue is that attached to the Complaint as Exhbiit "1" (the "Mortgage"), and that Debtors own the Property.  Only the Debtor Husband is identified as a "Borrower" in the Mortgage.  The Debtor Wife is not named or identified as a mortgagor or borrower in the body of the Mortgage; however, Debtor Wife did execute the Mortgage.

The Plaintiff alleges that as a hypothetical bona fide purchaser of real property from the Debtors and as a hypothetical lien creditor of the Debtors, she has superior title to the subject property and may avoid any interest the Defendant may have as to the Debtor Wife's interest in the property.  The Plaintiff seeks judgment that her interest in the Debtor Wife's interest in the property is superior to any interest of the Defendant, and that the Defendant's claim is unsecured.  She further asks that the Defendant's unperfected lien as to Debtor Wife's interest be avoided and preserved for the estate, and that she have judgment against the Defendant in the amount of $33,964.32 (one-half of the BAC debt secured by the Mortgage) pursuant to 11 U.S.C. §550.

    2.   <u>Discussion</u>

The position asserted by the Plaintiff is based on the "strong arm" powers granted to her under Code section 544.  That statute provides in pertinent part as follows:

    (a) The trustee shall have, as of the commencement of the

>     case, and without regard to any knowledge of the trustee or
>     of any creditor, the rights and powers of, or may avoid the
>     transfer of the property of the debtor or any obligation
>     incurred by the debtor that is voidable by--
>     (1) a creditor that extends credit to the debtor at the time
>     of the commencement of the case, and that obtains, at such
>     time and with respect to such credit, a judicial lien on all
>     property on which a creditor with a simple contract could
>     have obtained such a judicial lien, whether or not such a
>     creditor exists;
>     . . . .
>     (3) A bona fide purchaser of real property, other than
>     fixtures, from the debtor, against whom applicable law
>     permits such transfers to be perfected, that obtains the
>     status of a bona fide purchaser and has perfected such
>     transfer at the time of the commencement of the case,
>     whether or not such a purchaser exists.

11 U.S.C. § 544.

The Plaintiff contends that Defendant's Mortgage does not meet the requirements for a mortgage under Kentucky law that is enforceable against Debtor Wife's interest in the real estate because she is not named in the body of the Mortgage.  She cites in support of her position *Rowe v. Bird*, 304 S.W.2d 775, 777-78 (Ky. 1957)("A conveyance signed and acknowledged by a person not named in the body of the instrument as a grantor is ineffectual and passes no title to that person.") *Id.*  The same rule of law applies to mortgages.  *Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932 (Ky. 1932).  The Plaintiff maintains the Mortgage is only enforceable as to Debtor Husband's interest in the Property.

The Defendant responds that the Mortgage contains sufficient references to Debtor Wife to provide proof that her signature was for the purpose of granting a lien against her interest, and at a minimum create an ambiguity that is resolved in favor of that grant.  It also maintains that her grant of the Mortgage was ratified by her signature on another recorded document (a second mortgage) in which she is

clearly named as a mortgagor.

The Defendant concedes that the Mortgage defines "Borrower" only as Debtor Husband and agrees that if this were the only consideration, the Plaintiff should prevail as did the Plaintiff in *Schlarman v. Chase Home Finance (In re Padgitt)*, Case No. 07-21467, Adv. No. 07-2063 (Bankr. E.D. Ky. September 11, 2008). The Defendant states, however, that the granting language in the Mortgage provides that the Borrower is granting a mortgage lien against the property described in the attached legal description bearing the Debtors' address and identifying the property as the "Property Description For Palmer Crouch and Estill Crouch, His Wife." Further, the Mortgage defines "Successor in Interest of Borrower" as "any party that has taken title to the property." Finally, the Defendant notes that Debtor Wife's signature appears on a line that specifies she is a "Borrower." Defendant contends that this series of specific references to Debtor Wife as an owner and "Successor in Interest of Borrower," along with her signature as "Borrower" are sufficient to create a presumption that she granted a lien against the property by executing a Mortgage.

In addition, Defendant refers to a second mortgage that it now holds that the Debtors granted to Countrywide Home Loans, Inc. in 2004, in which the Debtors specifically state that they have previously granted the Mortgage which is the subject of this proceeding. According to the Defendant, this constitutes a "clear ratification" by Debtor Wife that she previously granted the Mortgage held by the Defendant, and as such precludes any attempt to avoid the Defendant's lien.

The Plaintiff responds that the Defendant's Mortgage does not

meet the requirements for a mortgage under Kentucky law that is enforceable against Debtor Wife's interest in the real estate because she is not named in the body of the Mortgage.  The Plaintiff contends that the designation "Successor in Interest of Borrower" has no significance in regard to the Defendant having an enforceable lien against Debtor Wife's interest in the real estate, nor does the fact that she signed as "Borrower" because matters included after the signature line are not considered to be a part of the instrument under Kentucky law.

The arguments put forth by the Defendant in regard to terms in the Mortgage that refer to the Debtor Wife are similar to arguments put forth by the defendant in *In re Padgitt*, <u>supra</u>, in which the court stated:

> The requirement that a grantor be named in the body of the instrument has been upheld even in ambiguous circumstances, . . ., where grantors were identified in the body of the instrument in some other way. [The Plaintiff] cites *Shaver v. Ellis*, 11 S.W.2d 949, Ky. (1928) as an example of such an interpretation.  Chase cites the same case for the opposite proposition, i.e., that if a debtor's identity and intention to subject his interest are clearly ascertainable from the "documentation" (Chase's term), he may not rely on the absence of his name in the granting clause to void or limit the conveyance of his interest.
> In *Shaver*, a widow and six of her nine children executed and acknowledged a deed to one of the children. The granting clause did not name the children, but referred to them only as "her heirs."  Her deceased husband had conveyed a life estate to her, as well as a power to convey fee simple title to any of their children before her death. Later, the children who signed the deed challenged its validity on the basis of their not having been named in the granting clause.  The court found that "[w]hile appellants are not named in the granting clause of that deed, they are named in the body of it and referred to therein as grantors, immediately following the description of the land conveyed[.]" *Shaver v. Ellis*, 11 S.W.2d at 952.  *See also Stephens v. Perkins*, 273 S.W. 545, Ky. (1925).
> Chase contends that all the documentation surrounding the mortgage (including the deed to the subject property)

>       identifies Debtor wife sufficiently to satisfy the
>       requirement that she be named as a grantor under the
>       mortgage. As the Plaintiff points out, however, there is
>       nothing in the body of the mortgage to identify Debtor wife,
>       and the mortgage is completely silent as to the reason she
>       executed it. In *Shaver* and related cases, while the grantor
>       or grantors might not have been named in the granting clause
>       of the instrument, they were named or otherwise sufficiently
>       identified **in the body of the instrument** to make it clear
>       that they were grantors.

*Schlarman v. Chase Home Finance (In re Padgitt)*, Case No. 07-21467, Adv. No. 07-2063 (Bankr. E.D. Ky. September 11, 2008). This court believes that the disposition of the matter now before it is dictated by its prior ruling in *In re Padgitt* and the reasoning set out therein.

As to the Defendant's contention that the second mortgage entered into by the Debtors serves as a "clear ratification" of the Debtor Wife's previous grant of a Mortgage to it, the Defendant's contention is misplaced. It cites cases that deal with second mortgages providing notice to third parties of the existence of a first mortgage. As the Plaintiff points out, however, notice is not the issue here. The issue is the validity of the first Mortgage as regards the Debtor Wife's interest, and whether that interest is enforceable. Even conceding that the second mortgage gives notice of the first Mortgage, it gives notice of nothing more than an instrument that is not enforceable against the Debtor Wife's interest. The second mortgage, therefore, provides no relief for the Defendant.

This Memorandum Opinion includes the court's findings of fact and conclusions of law. In consideration of the foregoing, the Plaintiff's Motion for Summary Judgment shall be GRANTED and the Defendant's Motion for Summary Judgment shall be DENIED. An order in conformity

with this opinion will be entered separately.

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, June 30, 2010**
**(tnw)**